IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDUARDO HERRERA** | § | |
| **AND ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO. 4:11-cv-3851 |
| | § | |
| | § | |
| **UTILIMAP CORPORATION,** | § | |
| **QUANTA SERVICES MANAGEMENT** | § | |
| **PARTNERSHIP, L.P. and** | § | |
| **QUANTA SERVICES, INC.** | § | |
| Defendants | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANT UTILIMAP CORPORATION'S
MOTION TO DISMISS AND COMPEL ARBITRATION**

Plaintiff, Eduardo Herrera ("Plaintiff") offeres this sur-reply in opposition to Defendant's Motion to Dismiss and Compel Arbitration demonstatting that Defendant Utilimap's ("Defendant" or "Utilimap") arguments are without merit and the law cited in their reply is misconstrued as to this case.

## I. INTRODUCTION

Defendant argues that Plaintiff's claims the arbitration clause contained in the employee handbook of Utilimap is not illusory because it is not really in the handbook. This line of reasoning flies in the face of the evidence and the employee handbook of Utilimap. Additionally, Defendant claims Plaintiff may not rely on Sarbanes-Oxley because Utilimap is not publicly traded. However, Plaintiff argues Utilimap is a publically traded company under the Quantas Services, Inc. umbrella and therefore the arbitration agreement may not be enforced.

## II. ARGUMENTS AND AUTHORITIES

### A. Defendant's claim that the arbitration agreement is separate from the employee handbook is false.

Defendant Utilimap claims that the arbitration agreement that exists between Utilimap and the Plaintiff is a separate document, and was separately executed by Plaintiff Herrera. Plaintiff respectfully argues that this is simply untrue. Defendant's employee handbook contains 50 pages of material outlining Utilimap's policies and provisions. (See attached Exhibit 1). On the very first page of this handbook, the following langauge is included: "I understand that the polices and benefits described in [the employee handbook] are subject to change at the sole discretion of Utilimap Corporation's President at any time." (*See page 1 of exhibit 1*). This clearly allows Utilimap to amend <u>any provision</u> of its employee handbook *without notice* for any reason whatsoever. In the same document, the Company's arbitration policy is addressed at page 40. (*See page 40 of exhibit 1*). This relevant part states as follows:

> **"ARBITRATION POLICY**
>
> **The Company has adopted an arbitration policy to resolve all employment disputes between employees and the Company. The Company believes that arbitration provides a fair, confidential and prompt way to resolve any differences that may arise between an employee and it. A complete copy of this policy will be provided to all employees *with this handbook* for their review and signature."**
> **(Emphasis added).**

Defendant conveniently fails to even mention the very policy at the heart of this dispute in its response to the Court. Defendant Utilimap's arbitration policy contained at page 40 of the employee handbook is, like every other policy in the employee handbook subject to unilateral change by the Defendant at any time and for any reason.

The arbitration policy of Defendant Utilimap's is nearly identical to the arbitration policy discussed by the Fifth Circuit in *Carey v. 24 Hour Fitness,USA, Inc.*,

\_\_\_\_ F.3d \_\_\_\_, slip op., no 10-20845 (5th Circuit Jan. 25, 2012). In *Carey* the arbitration policy of 24 Hour Fitness, Inc., was embedded in the employee handbook, and included language which allowed 24 Hour Fitness, Inc., to amend any policy in the handbook, but would provide notice to its employees of any change. *See id.,* slip op., at 4.

The difference between *Carey* and this case is that Utilimap could change any term of arbitration policy and *did not* have to or agree to provide any notice to its employees. Thus, Utilimap could unilaterally change its arbitration policy without notice, and avoid arbitration with its employees if it so desired, but the emloyees had no such option. The Fifth Circuit clearly stated in *Carey* that this type of policy to arbitrate is illusory.

Defendant argues that the arbitration agreement in *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862 (Tex. App.- Houston [14th Dist.] 2006) is identical to the arbitration agreement used by Utilimap. This is simply not the case. D.R. Horton's handbook contained no arbitration policy. Instead, D.R. Horton's arbitration policy was a stand alone document separately executed and <u>not contained in the employee handbook</u> and signed by its employees. (See attached Exhibit 2). The employee handbook in D.R. Horton is completely silent on the handeling of disputes bewteen the company and its employees. Instead, the employees signed a truly seperate agreement to arbitrate any dispute and there was no indication at all that such arbitration clause was subject to unilateral revision by D.R. Horton. Thus, the courts properly found such arbitration claue to be definitive because it was *not included* in the employee handbook. Defendant

Utilimap conveniently glosses over these material facts in asserting *D.R. Horton* is controlling authority.

Indeed, Utilimap's assertion that its arbitration policy is a seperte document that stands alone is impossible to rectify with a cursory inspection of the employee handbook where you find both the arbitration policy and arbitration clause listed in the table of contents, the policy to arbitrate on page 40, and the clause itself on pages 49-50.  None of these aforementioned factors are present in the D.R. Horton case, although the Defendant faslely labels the arbitration clause as being, "exactly the same."  The Fifth Circuit has recognized these differences when determinng whether an arbitration clause is illusory.

> **B.  Defendant's Response Regarding the Applicability of the Dodd Frank Act is Factually Incorrect and Defendant Cannot Evade its Provisions**

Counsel for Defendant asserts in his Reply that the provisions of the Dodd-Frank Act are inapplicable in the instant case because Utilimap Corporation is not a publicly traded company (*See doc. 16 page 6 of Defendant's reply*).  Plaintiff respectfully disagrees.  In its corporate literature, Utilimap holds itself out to the world as a part of Quanta Services Company, a publicly-traded company on the New York Stock Exchange. (See Attached Exhibit 3). Utilimap's acquisition by Quanta Services in October, 2011 occurred while Plaintiff Herrera was employed by Utilimap and preceded the filing of this action.  Plaintiff respectfully argues that, Defendant's assertions notwithstanding, Utilimap was part of a publicly-traded company at all times relevant to a consideration of its status under Dodd-Frank.

Defendant further argues that even if, *arguendo,* the provisions of Dodd-Frank are applicable, and Plaintiff's conduct in challenging the statutory violations of the Fair

Labor Standards Act by the Defendant are protected, then the severability clause of the arbitration agreement would control. The argument misses the mark by a wide margin. Defendant's reference to the arbitration agreement (Page 8 of Defendant's reply) begins with the limitation that "If **any portion of this arbitration agreement shall become invalid or unenforceable…"** (emphasis added). Plaintiff respectfully argues that the argument herein goes to the very heart of the enforceability of the entirety of the agreement. Defendant's argument that modification of an agreement deemed unenforceable here would merely result in a modified unenforceable agreement, The arbitration agreement is completely silent on the protections afforded to the various parties if the arbitration agreement is deemed unenforceable. Plaintiffs respectfully argue that modification is not an appropriate alternative for an agreement unenforceable in its entirety.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to compel individual arbitration. Plaintiff requests leave to proceed with the case in the Southern District of Texas, and to use the collective action procedures of the Fair Labor Standards Act.

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES**
9950 Westpark Drive, Suite 330
Houston, Texas  77063
(713) 532-0336 – Telephone
(713) 532-0337 – Facsimile

By: /s/ *Joe Williams*
    Joe M. Williams
    Federal ID. No. 997092
    State Bar No. 24063066

A**TTORNEY FOR PLAINTIFF**
**EDUARDO HERRERA**

## CERTIFICATE OF SERVICE

This is to certify that on this the 1st day of February, 2012, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via the Court's ECF electronic filing system.

    /s/ *Joe Williams*
    Joe M. Williams