IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDUARDO HERRERA AND ALL          §
OTHERS SIMILARLY SITUATED,       §
                                 §
          Plaintiffs,            §
                                 §
v.                               §    Civil Action No. H-11-3851
                                 §
UTILIMAP CORPORATION, et al,     §
                                 §
          Defendants.            §

<u>**MEMORANDUM OPINION**</u>

Pending before the court[1] is Plaintiff's Motion to Strike Certain Affirmative Defenses in Defendant Utilimap Corporation's ("Defendant Utilimap's") Answer (Doc. 22).

The court has considered the motion, the responses, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion to Strike Certain Affirmative Defenses. Defendant Utilimap's Response to Plaintiff's Motion (Doc 32) includes a request for leave to amend.[2]  The court **DENIES** Defendant Utilimap's request, as explained herein.

**I. Case Background**

---

[1]    The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Doc. 34.

[2]    <u>See</u> Doc. 32, Def. Utilimap's Resp. in Opp'n to Pl.'s Mot. to Strike Certain Affirmative Defenses in Def. Utilimap's Answer ("Utilimap's Resp."), p. 10.

Plaintiff Eduardo Herrera ("Plaintiff"), individually and on behalf of all other similarly-situated current and former employees of Defendants Utilimap, Quanta Services Management Partnership, L.P. ("Defendant Quanta LP"), and Quanta Services, Inc. ("Defendant Quanta Inc.") (collectively, "Defendants"), filed this action on November 1, 2011, pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA")[3] to recover unpaid overtime compensation and compensation for work done "off the clock" that was not recorded or paid.[4]

Plaintiff filed an Amended Complaint on January 13, 2012.[5] Defendants have timely filed answers to both Plaintiff's Complaint and Plaintiff's Amended Complaint.[6] In Defendant Utilimap's Answer to the Amended Complaint, Defendant Utilimap asserts a number of defenses and affirmative defenses, including failure to state a claim, limitations, estoppel, laches, good faith, and frivolousness.[7] The court entered a scheduling order

---

[3]      29 U.S.C. §§ 201-219.

[4]      Doc. 1, Compl.

[5]      Doc. 8, Am. Compl.

[6]      See Doc. 4, Answer to Compl. by Def. Utilimap; Doc. 5, Answer to Compl. by Defs. Quanta Inc. & Quanta LP; Doc. 17, Answer to Am. Compl. by Def. Utilimap ("Utilimap's Am. Answer").

[7]      Doc. 17, Utilimap's Am. Answer, pp. 1-3.

for this case that included deadlines for amendments to pleadings and for dispositive motions.[8]

## II. Standards

In a Rule 12(f) motion, the court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982)

## III. Analysis

Plaintiff moves to strike Defendant Utilimap's second defense and third, fourth, fifth, sixth, seventh and eleventh affirmative defenses. The court agrees with Plaintiff as to Defendant Utilimap's second defense, and Defendant Utilimap's fourth and eleventh affirmative defenses.

**A. Defendant Utilimap's Second Defense.**

Courts are required to enter scheduling orders that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Once set, "a schedule may be modified only for good cause and with the judge's consent." Id. Rule 16's "good cause standard

---

[8]     Doc. 20, Docket Control Order.

requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala.</u>, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 1522.1 (2d ed. 1990).

In their second defense, Defendant Utilimap alleges that Plaintiff has failed to state a claim on which relief may be granted.[9] The deadline for dispositive motions has passed[10], and Defendant Utilimap has not filed a motion or filed a request for extension of the deadline. As such, any motion related to a deficiency in Plaintiff's pleadings that would lead to a ruling under this defense is untimely. Therefore, Defendant Utilimap's second defense is struck.

## B. Defendant Utilimap's Third, Fourth, Fifth, Sixth, Seventh, and Eleventh Affirmative Defenses.

"An affirmative defense is subject to the same pleading requirements as is the complaint." <u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir. 1999). The standard articulated in <u>Woodfield</u> for defenses is "fair notice," which was the standard for pleadings in the complaint at the time. <u>See</u> <u>id.</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). After <u>Woodfield</u>, the Supreme

---

[9]      Doc. 17, Utilimap's Am. Answer, p. 1.

[10]      Doc. 20, Docket Control Order (setting dispositive motion deadline of July 20, 2012).

Court changed the pleading standard to require "enough facts to state a claim for relief that is plausible on its face" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This standard does not require "detailed factual allegations," but it must include sufficient facts to indicate the plausibility of the claims asserted and to raise the "right to relief above the speculative level." Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

After Twombly, the Fifth Circuit reiterated the "fair notice" standard for affirmative defenses. See Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008) (citing Woodfield, 193 F.3d at 362). However, a debate has surfaced post-Iqbal as to whether the standard for defenses remains "fair notice" or is now plausibility. Compare Floridia v. DLT 3 Girls, Inc., 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (unpublished) (employing the "fair notice" standard) with Vargas v. HWC Gen. Maint., LLC, CIV.A. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012) (unpublished) (finding the plausibility standard applies to affirmative defenses). A majority of District Courts have applied the heightened Twombly and Iqbal standard to affirmative defenses. See Lane v. Page, 272 F.R.D. 581, 589-90 (D.N.M. 2011) (listing cases that have applied the Twombly-Iqbal standard to affirmative defenses, as

well as cases declining to apply the standard). This court agrees that the plausibility standard of <u>Twombly</u> and <u>Iqbal</u> applies to affirmative defenses.

In their third affirmative defense, Defendant Utilimap claims that Plaintiff is "barred in whole or in part by the applicable statute of limitations."[11]   Defendant Utilimap does not state which statute of limitations is applicable, or any facts in support of this defense.   As Plaintiff's only cause of action is a violation of the FLSA, the court looks to the act's statute of limitations.   Under the FLSA's statute of limitations, a plaintiff is limited to claims arising less than two years before the date of his complaint, with an extension to three years if there was a willful violation.   29 U.S.C. § 255. Plaintiff's allegations fit within these time periods, but the court has conditionally certified a class and cannot assess at this point whether the claims of future plaintiffs may be barred by limitations.   Therefore, Defendant Utilimap's third affirmative defense is not struck.

In their fourth affirmative defense, Defendant Utilimap claims that Plaintiff is barred under doctrines of estoppel or laches.[12]   Defendant Utilimap does not state any facts in support of this defense.   "It is unclear whether the equitable defenses

---

[11]   Doc. 17, Utilimap's Am. Answer, p. 1.

[12]   <u>Id.</u>

of waiver, estoppel, unclean hands, and laches are available under the FLSA." Tran v. Thai, CIV.A. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (unpublished). When the Fifth Circuit has allowed estoppel in FLSA actions, it has been based on the specific facts of the case. Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972). Without additional facts to support these claims, the affirmative defenses of laches and estoppel cannot stand.

Defendant Utilimap's fifth and sixth affirmative defenses claim that it acted in conformity to established rulings and interpretations of the FLSA, and acted in good faith and based on a reasonable belief that its actions were not in violation of the FLSA.[13]  These defenses are recitations of the requirements of two sections of the FLSA.  See 29 U.S.C. §§ 259-60 (stating that if the act was "in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation" from the Department of Labor it is a bar to the action; if the act or omission was in good faith and reasonable, the court may deny or limit liquidated damages).

Defendant Utilimap's seventh affirmative defense claims that it did not intentionally or knowingly engage in conduct in violation of the FLSA, and therefore did not make a willful

---

[13]    Id. at p. 2.

violation of the act.[14]   The claim repeats the standard for willfulness in FLSA cases, "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."   McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

Defendant Utilimap's fifth, sixth, and seventh affirmative defenses are better categorized as defenses.   They describe elements that the Plaintiff must prove; did Defendant Utilimap ignore administrative rulings, did it violate the FLSA, and if so did it act knowingly or intentionally.   These defenses make clear what Plaintiff must prove to meet each threshold. Therefore, Defendant Utilimap's fifth, sixth, and seventh defenses are not struck.

Defendant Utilimap's eleventh affirmative defense claims that Plaintiff's Complaint is frivolous, unreasonable, and groundless, and, accordingly, Defendant is entitled to attorney's fees.[15]   Defendant Utilimap does not state any facts in support of this defense.   For a defendant in a FLSA action to receive an award of attorney's fees, the defendant must show that the complaint was made in bad faith.   See Flanagan v. Havertys Furniture Cos, Inc., 484 F. Supp. 2d 580, 581 (W.D. Tex. 2006) (Comparing Americans with Disabilities Act's

---

[14]     Id.

[15]     Id. at p. 3.

"prevailing party" provision, requiring the losing party to pay the other party's attorney's fees, with FLSA's "American Rule" provision, requiring defendant to show claim was groundless to receive attorney's fees).

Defendant Utilimap's eleventh affirmative defense merely recites the common law requirements, without facts in support. Under the <u>Twombly</u> standard, "a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555).   Without facts in support, a bare recitations of the elements does not reach the standard set in <u>Twombly</u> and must be struck.

**C. Defendant Utilimap's Request for Leave to Amend.**

Defendant Utilimap, in their reply to Plaintiff's Motion, requests leave to amend its Answer if the court grants Plaintiff's Motion.[16]   This request was filed with the court on March 15, 2012, which is after the March 2, 2012 deadline for amended pleadings.[17]   When a scheduling order deadline has expired, Rule 16(b) governs amendment of the pleadings.   <u>S&W</u> <u>Enters., L.L.C.</u>, 315 F.3d at 536 ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").   As previously

---

[16]     Doc. 32, Utilimap's Resp., p. 10.

[17]     Doc. 20, Docket Control Order.

explained, the party requesting leave to amend under Rule 16 must show good cause and request leave of the court.

In deciding whether the amendment is proper, the court needs to consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) the potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." Id. (alterations in original) (quoting Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997) (applying Rule 16(b) to the supplementation of an expert report)).   The movants bear the burden of demonstrating that they are entitled to the opportunity to amend.

The reasoning provided by Defendant Utilimap in its reply does not rise to this standard.   Defendant Utilimap merely states that it "requests leave to amend its Answer to plead the affirmative defenses with more particularity."[18]   Defendant Utilimap does not provide any additional details that would lead to a finding of good cause to allow amendment of their Answer. Therefore, Defendant Utilimap's request for leave to amend is denied.

### IV. Conclusion

---

[18]   Doc. 32, Utilimap's Resp., p. 10.

Based on the foregoing, the court **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion to Strike (Doc 22). The court additionally **DENIES** Defendant Utilimap's request for leave to amend (Doc 32).

SIGNED in Houston, Texas, this 14th day of August, 2012.

Nancy K. Johnson
United States Magistrate Judge

11